IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00445-RJC
(3:08-cr-00134-RJC-DSC-14)

| | |
|---|---|
| CARLOS ROBERTO FIGUEROA-PINEDA, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I.  Background

The Grand Jury in this District returned a third-superseding bill of indictment that alleged Petitioner and his co-conspirators were active members in La Mara Salvatrucha, also known as MS-13, which was described as a gang composed primarily of immigrants or descendants from El Salvador that conducted criminal activity on a worldwide scale, including in North Carolina in Mecklenburg, Guilford, Wake, and Durham counties. The indictment provided extensive detail related to criminal conduct which involved participation in an ongoing RICO conspiracy that centered on drug distribution and robberies, and the use of threats and violence, including murder to protect the object of the conspiracy which was the accumulation of money, territory and power. (3:08-cr-00134, Doc. No. 623: Third Superseding Bill of Indictment). Of the seventy

1

counts that were charged in the indictment, Petitioner was charged in five: one count of participation in the RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, and a detectable amount of marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and 841(b)(1)(C) (Count 2); two counts of possession of marijuana with intent to distribute, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 18 U.S.C. § 2 (Counts 33, 70); and one count of the use and carry of a firearm during and in relation to a drug trafficking crime and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 34).

Petitioner elected to plead not guilty and after a ten day jury trial, Petitioner was convicted on all five counts, however as to Count 2 the jury expressly found that the conspiracy involved only the distribution of marijuana and not cocaine. (Id., Doc. No. 844: Jury Verdict). On March 3, 2011, Petitioner was sentenced to a total term of 420-months' imprisonment and he appealed. (Id., Doc. No. 1404: Judgment).

On appeal, Petitioner challenged his conviction on the RICO conspiracy charge arguing that there was insufficient evidence to sustain the conviction. Petitioner next argued that the Court erred in empaneling an anonymous jury based on concerns that the safety of the jurors could be compromised. Petitioner also challenged the Court's finding that a "multiple conspiracy" instruction was unnecessary. Finally, Petitioner contended that the evidence was insufficient to support his convictions for the two counts of possession with intent to distribute marijuana and the charge of possession of a firearm during and in relation to a drug trafficking crime. Each of Petitioner's arguments were found to lack merit and his convictions and sentence was affirmed and he did not seek further review from the Supreme Court. See United States v.

Carlos Roberto Figueroa-Pineda, 526 F. App'x 270 (4th Cir. 2013). In this collateral proceeding, Petitioner raises a myriad number of claims of ineffective assistance of both trial and appellate counsel that will be addressed herein.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

In his § 2255 Motion to Vacate, Petitioner's in-house counsel, or "Power of Attorney" as he dubs it, argues generally that his appellate counsel was ineffective because he refused to serve Petitioner with all of the documents that are relevant to his criminal proceeding. (3:14-cv-00445, Doc. No. 1 at 15). Petitioner also complains that his deficient English speaking ability – his primary language is Spanish – has hindered his effort to pursue collateral relief and he should be entitled to all motions, orders and trial transcripts so that his Power of Attorney can mine through the record in an effort to find possible grounds for relief. Petitioner also contends that the RICO conviction was dismissed therefore all of the other convictions must be dismissed. (Id. at 16).

First, Petitioner's challenge to his RICO conviction is plainly without merit. His trial conviction was affirmed on appeal. Second, Petitioner had the close assistance of counsel at trial and he had a court-appointed interpreter at every critical stage of the criminal proceedings therefore his contention that he cannot summon specific claims in his § 2255 motion rings

4

hollow. Because Petitioner had an able interpreter, he had the benefit of being able to understand the trial proceedings and therefore make specific arguments regarding ineffective assistance of counsel.

Finally, although Petitioner contends that all of the court filings, including the trial transcripts are critical to his Power of Attorney's ability to present claims in this proceeding, it is Petitioner's responsibility to present specific claims for relief. While a petitioner who is indigent may be entitled to copies of court documents at government expense, he must first meet his burden of demonstrating that he has a particularized need for the documents. See Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152-53 (4th Cir. 1972). See also 28 U.S.C. § 753(f) (providing that transcripts may be provided free of charge in a § 2255 proceeding if the court "certifies that the appeal is not frivolous (but presents a substantial question)." Petitioner has simply failed to meet "his" burden to show that the production of these materials could assist him in the presentation of a substantial question in this proceeding. As is plain from the remaining arguments in the § 2255 motion, there are no substantial questions that could warrant relief.

For example, Petitioner presents a seemingly exhaustive list of claims which includes challenges to the indictment, confrontation clause issues, an erroneous contention that the RICO count was dismissed, and claims that his counsel was ineffective for failing to challenge drug quantities or present a forensic chemist at trial, and he was ineffective because he did not challenge hearsay or other inadmissible evidence. This is only a portion of the list; however each claim fails because it is merely conclusory and fails to alert this Court to any specific argument

that could support relief. (Id. at 16-18). See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("conclusory allegations unsupported by specifics is subject to summary dismissal").

Petitioner next claims that his appellate counsel was ineffective because he failed to discuss possible issues for appeal. Specifically, Petitioner argues that after he received a copy of the appellate brief, Petitioner wrote to his counsel, Mr. Fischer, and requested that he include all of the sentencing objections in his argument on appeal. This claim will be dismissed for two reasons. First, it still only presents only a conclusory objection, and second, appellate counsel is entitled to the same deferential review as trial counsel.

The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). Appellate counsel "is entitled to a presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

Petitioner's claim fails because he cannot show that but for counsel's alleged errors he would have obtained a reversal on a particular sentencing objection. Put another way, Petitioner

cannot carry his burden under Strickland because it is simply insufficient to say that appellate counsel should have presented all of the sentencing objections.

Petitioner also argues that appellate counsel should have raised a claim based on the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), in which the Court ruled that any fact which increases a defendant's statutory minimum sentence must either be admitted by the defendant or submitted to a jury and found beyond a reasonable doubt. This claim will be denied because there were no facts that were found by the Court that increased Petitioner's statutory minimum sentences.[1] (Id. at 20-23).

Next, Petitioner claims appellate counsel was ineffective because he did not argue for relief from his sentence because the § 924(c) charged in Count 34 was dismissed, however this count was not dismissed. (Id. at 23).

Last, Petitioner renews his challenge to the application of the Guidelines contending that errors were made during sentencing because he received enhancements based on conduct not charged in his indictment. (Id. at 24). This argument is without merit for so long as the Court finds that the evidence supports the application of the enhancement by a preponderance of the evidence, and such application of the enhancement does not serve to increase a statutory minimum term of imprisonment, the fact-finding is wholly permissible. See United States v. Washington, 629 F.3d 403, 410 (4th Cir.), cert. denied, 132 S. Ct. 127 (2011).

---

[1] Count 1 carried a term of not more than life; Count 2 carried a term of not more than 20 years; Counts 33 and 70 carried terms of not more than five years; and Count 34 carried a mandatory-minimum term of 5 years. Petitioner received 240 months on Count 1; 120 months on Count 2; 60 months each on Counts 33 and 70, and the mandatory minimum five-year term on Count 34. (3:08-cr-00134, Doc. No. 1404: Judgment). Petitioner's claim that appellate counsel should have presented a claim under Apprendi v. New Jersey, 530 U.S. 466 (2000) fares no better. In Apprendi, the Court held that judicial findings may not increase the statutory maximum term of imprisonment. As noted, Petitioner was sentenced within the statutory maximum on each of his convictions.

In conclusion, the Court finds that the evidence ably supported each of the sentencing enhancements and the Court therefore cannot find that appellate counsel was ineffective in declining to raise arguments which appear clearly at odds with the evidence. Moreover, Petitioner has not shown that he was unable to present arguments in this collateral proceeding in an effort to challenge his trial and appellate counsel when he participated in a ten-day trial with the assistance of an interpreter.

IV.     CONCLUSION

After having considered the record in this matter, the Court finds that Petitioner's claims in this collateral proceeding are without merit and the § 2255 Motion to Vacate will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: January 5, 2016

Robert J. Conrad, Jr.
United States District Judge